# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**DARREN JORDAN**                                                                                **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 1:19-CV-160-GHD-DAS**

**GREATER COLUMBUS LEARNING CENTER, ET AL.**        **DEFENDANT**

### ORDER GRANTING MOTION TO
### STRIKE PLAINTIFF'S DESIGNATION OF EXPERTS

On August 19, 2020, Defendants Greater Columbus Learning Center and David Dunn filed a motion to strike the plaintiff's expert designation. Docket 44. Defendants Lowndes County School District and Lynn Wright joined in the motion. Docket 51.

This is not the first time that the issue of the plaintiff's expert designation, or lack thereof, has been before the court. More than two months after the plaintiff's March 6, 2020 deadline for designating experts passed, he filed a motion to designate his experts out-of-time. Docket 28. In evaluating the plaintiff's request, the court addressed the plaintiff's untimely discovery responses identifying George Carter, Angela Verdell, and David Marion as expert witnesses and determined that the response was not an adequate designation or report of any of the named experts. Docket 35. The court found that

> [t]he plaintiff served his discovery responses on the defendants on May 11, 2020, more than sixty days after his deadline to designate witnesses. Even then the response is clearly not an adequate designation or report of any of the named experts. The interrogatory responses indicate the plaintiff's intent to call a named forensic economist to testify to "Wrongful Termination and Personal Injury Economic Valuation;" a named industrial engineer and "Public Policy Administration" [*sic*] to testify to "Board Management and Protocols and Policy and Procedure Implementation;" and a named psychologist to testify about "Plaintiff's mental anguish, pain and suffering." The interrogatory response advises that the experts' "reports and opinions" will be supplemented "as those are obtained by Plaintiff." The court's docket does not indicate that the plaintiff has supplemented the interrogatory to provide the substance of the opinions nor provided any reports to the defendants.

> The plaintiff has not given the court or the defendants any substantive information about the opinions of any of the experts. While calling experts to establish damages for mental suffering is both helpful and common, the absence of such expert testimony is not necessarily fatal to a claim for these damages. The plaintiff has made no argument about the need for any of the listed experts.

*Id*. The court found that "the plaintiff's tardy responses to the defendants' discovery failed to provide any substantive information about the proposed expert testimony" and denied his request for additional time to designate his experts. *Id*.

The defendants filed the instant motion asking the court to preclude George Carter, Angela Verdell, and David Marion from providing expert testimony in this case for the plaintiff's (1) failure to comply with the deadlines imposed by the Case Management Order and the Federal Rules of Civil Procedure, (2) failure to show good cause for amending the deadlines, and (3) failure to provide the information required by Rule 26 to properly designate experts. Docket 45. Plaintiff has not responded. *See* Docket.

Under Local Uniform Civil Rule 7(b)(3)(D), "[i]f a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." *See also* L.U.Civ.R. 7(b)(4) ("Counsel for respondent must, within fourteen days after service of a movant's motion and memorandum brief, file a response and memorandum brief in support of the response.") As previously determined, the plaintiff's discovery response is not an adequate designation or report of any of the named experts. *See* Docket 35. Accordingly, the defendants' motion to preclude George Carter, Angela Verdell, and David Marion from offering expert testimony in this case is **GRANTED** for the plaintiff's failure to properly designate these individuals as expert witnesses under Federal Rule of Civil Procedure 26.

**SO ORDERED**, this the 4th day of September, 2020.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**