IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DARREN JORDAN**                                                                                                        **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 1:19-CV-160-GHD-DAS**

**GREATER COLUMBUS LEARNING CENTER, ET AL.**            **DEFENDANT**

**ORDER GRANTING IN PART AND DENYING IN PART
<u>MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL PRODUCTION</u>**

On September 14, 2020, Defendants Greater Columbus Learning Center and David Dunn filed a motion to strike the plaintiff's supplemental discovery responses. Docket 68. Defendants Lowndes County School District and Lynn Wright joined in the motion. Docket 72.

On April 9, 2020, the court extended the parties' discovery deadline to August 5, 2020, and the deadline for filing dispositive motions to August 19, 2020. Docket 24. The court's order specifically provides that "[c]ounsel shall complete all discovery […] no later than August 5, 2020." *Id*. On August 5, 2020, the plaintiff filed a motion to extend the discovery deadline to August 25, 2020. Docket 40. The court denied the plaintiff's motion finding that he failed to establish good cause for extending the deadline. Docket 56. While the plaintiff's motion to extend the discovery deadline was pending, on August 19, 2020 – the dispositive motions deadline – the plaintiff filed a notice of service for his Supplemental Response to Defendant's Discovery Request. Docket 53. The supplemental responses are attached as Exhibit A to the defendant's motion and include the following documents:[1]

1. GCLC Board of Trustees Meeting – October 27, 2005 (Docket 68-1 at 2)
2. GCLC Board of Trustees Meeting – August 18, 2011 (Docket 68-1 at 3)[2]

---

[1] The court has numbered the documents and included their docket page number for identification within this order.
[2] The court notes that the August 18, 2011 GCLC Board of Trustees Meeting minutes are attached as Exhibit K to Defendants Greater Columbus Learning Center and David Dunn's Motion for Summary Judgement Docket 49-11. Their objections to the supplemental production of this document are unfounded.

3. GCLC Board of Trustees Meeting – December 1, 2011 (Docket 68-1 at 4)
4. Various email communications between the plaintiff and defendant David Dunn, defendant Lynn Wright, Mary Alexander, Sandy Crist, and Chris Hemphill between May 15, 2018 and April 2, 2019 (68-1 at 5-17, 39-45)
5. Letter from T.E. Lott & Company to Greater Columbus Learning Center, Inc. Board of Directors – August 21, 2018; referenced in email from David Dunn to Darren Jordan dated August 21, 2018 (Docket 68-1 at 18-20)
6. "Greater Columbus Learning Center Board of Trust" letter from GCLC Staff (Docket 68-1 at 21-23)
7. Greater Columbus Learning Center Corrective Action Plan (Docket 68-1 at 24-27)
8. Undated letter from Darren Jordan on behalf of Greater Columbus Learning Center to Sandy Crist (Docket 68-1 at 28-37)
9. Mississippi Community College Board Office of Adult Education Grant Renewal Application Checklist included in email from Sandy Crist to Darren Jordan et al. – May 15, 2018 (Docket 68-1 at 38)
10. The Dispatch Arrest report for 8-17-20 (Docket 68-1 at 46-47).

The defendants have moved to strike the supplemental production of these documents on the basis that they existed and were in the plaintiff's possession prior to the discovery deadline. Docket 69.

Federal Rule of Civil Procedure 26 governs parties' obligations to disclose and supplement all documents used to support claims and defenses as well as all discovery requests as new information is learned. The rule provides that a party who has made a disclosure under Rule 26(a) or has responded to a discovery request must supplement its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1)(A); *see also* L.U.Civ.R. 26(a)(5).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c). In evaluating whether a violation of Rule 26 is harmless, the court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the

evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

According to the Advisory Committee Note to Rule 37, this sanction provides "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion," by the deadline. The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009), citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007).

Addressing the four factors used to evaluate whether a violation of Rule 26 is harmless, the defendants argue that the documents must be important if the plaintiff determined that supplemental production was necessary. They argue prejudice on the basis that they have already deposed the plaintiff without the ability to question him regarding the supplemented documents and further filed their dispositive motions without this information. The defendants contend that a continuance would only benefit the plaintiff in light of his disregarding the court's scheduling deadlines; and finally, the defendants argue that the plaintiff has provided no explanation as to why these documents were not produced prior to the discovery deadline.

The plaintiff responds that "each and every document challenged by the Defendants is already known to the Defendants." Docket 81. The plaintiff claims that Rule 26 has not been violated as the supplemental documents were referenced in his pre-discovery initial disclosures and utilized in his deposition. Specifically, the plaintiff points out that his pre-discovery disclosures identified "GCLC Board Meeting Minutes from 2005-2019; specifically including October 27, 2005 and August 18, 2011 meeting minutes" and "all emails between Plaintiff and GCLC Board Members" and notified the

defendants that "copies of these materials which are currently in Plaintiff's possession may be made at the office of the Plaintiff's attorney…." The plaintiff concludes that there is no unfair surprise or prejudice because "none of the information used is newly discovered or newly produced."

In their reply, defendants Lowndes County School District and Lynn Wright argue that the GCLC Board Minutes were not in their possession, and although they were identified in the plaintiff's pre-discovery initial disclosures, they were not produced until after the discovery deadline. Docket 85. As for the emails, Lynn Wright admits that she possessed some, but not all the emails, and again argues that the emails were not timely produced. Defendants Greater Columbus Learning Center and David Dunn's reply brief also admits that "some [of the documents] might have been in the possession of the Defendant; however, not all were…." Docket 87. Nonetheless, they object to the plaintiff identifying, but not producing, the subject documents in his pre-discovery initial disclosures. Docket 87.

The rule governing initial disclosures permits a disclosing party to provide a description by category and location of supporting documents. Fed.R.Civ.P. 26(a)(1)(A)(ii). There is a similar provision in this court's local rules, which also require the disclosing party to provide the opposing party a reasonable opportunity to review all documents so disclosed at the site where they are located or maintained. L.U.Civ.R. 26(a)(1)(B). In this case, the plaintiff's pre-discovery initial disclosures sufficiently described the board meeting minutes and email communications that were later produced in his supplemental discovery responses. Based on the plaintiff's initial disclosure alone, the defendants knew of the existence and location of these documents, yet there is no indication that the defendants requested the opportunity to review them. While the plaintiff's supplementation was made after the discovery deadline, the court is satisfied that the supplemental documents were sufficiently identified such that the defendants are not prejudiced

or unfairly surprised by the plaintiff's reliance on the GCLC board meeting minutes and various email communications. Therefore, the defendant's request to strike the following documents is denied:

1. GCLC Board of Trustees Meeting – October 27, 2005 (Docket 68-1 at 2)
2. GCLC Board of Trustees Meeting – August 18, 2011 (Docket 68-1 at 3)
3. GCLC Board of Trustees Meeting – December 1, 2011 (Docket 68-1 at 4)
4. Various email communications between the plaintiff and defendant David Dunn, defendant Lynn Wright, Mary Alexander, Sandy Crist, and Chris Hemphill between May 15, 2018 and April 2, 2019 (68-1 at 5-17, 39-45)
5. Letter from T.E. Lott & Company to Greater Columbus Learning Center, Inc. Board of Directors – August 21, 2018; referenced in email from David Dunn to Darren Jordan dated August 21, 2018 (Docket 68-1 at 18-20)
9. Mississippi Community College Board Office of Adult Education Grant Renewal Application Checklist included in email from Sandy Crist to Darren Jordan et al. – May 15, 2018 (Docket 68-1 at 38).

As for the remaining documents, the court cannot discern whether any of the following were identified in the plaintiff's pre-discovery initial disclosures:

6. "Greater Columbus Learning Center Board of Trust" letter from GCLC Staff (Docket 68-1 at 21-23)
7. Greater Columbus Learning Center Corrective Action Plan (Docket 68-1 at 24-27)
8. Undated letter from Darren Jordan on behalf of Greater Columbus Learning Center to Sandy Crist (Docket 68-1 at 28-37)
10. The Dispatch Arrest report for 8-17-20 (Docket 68-1 at 46-47).

Defendants Greater Columbus Learning Center and David Dunn argue that all should be stricken because "the documentation was in [the plaintiff's] possession, was responsive to discovery and intentionally withheld until after summary judgment motions were filed." *Id*. Docket 87.

In his response, the plaintiff does not explain the untimely disclosure of these documents or argue that they were identified in his pre-discovery initial disclosures. The plaintiff only addresses the GCLC board meeting minutes and emails between the plaintiff and GCLC board members, and these documents do not appear to fit into either category. Because the court does

not know whether these documents were identified in other pre-discovery initial disclosures or utilized in depositions, the defendants' request to strike these documents is GRANTED.

    **SO ORDERED**, this the 13th day of October, 2020.

                                              **/s/ David A. Sanders**
                                              **UNITED STATES MAGISTRATE JUDGE**